This bill is filed to cancel a lease made by the complainant to his brother, Louis Ulrich. The lease is for the premises forty-three (43) and forty-five (45) Westfield avenue, Elizabeth, New Jersey. It bears date January 19th, 1920. The lessees named in it are Louis Ulrich, decedent, complainant's brother; Kate E. Ulrich, decedent's wife, and John J. Ulrich, decedent's son. It is true that the defendants Kate E. Ulrich and John J. Ulrich signed the lease and recorded it after the father's death, but it was not necessary for them to sign, as it bore the complainant's signature and is binding on him. John J. Ulrich was adjudicated a bankrupt some time after the death of his father and prior to this suit, and his trustee, Francis Gordon, and his mother are defendants *Page 76 
herein. The lease was executed by the complainant and acknowledged before Mr. Vincent Barnitt, solicitor of the complainant in this cause, who was then acting as his attorney. The complainant alleges that his deceased brother has perpetrated a fraud upon him. He claimed at the hearing before me that the lease which was for fifteen years he understood was to be for ninety months; that he had not read the lease, but had signed it without knowing its contents, and this despite the fact that it was duly acknowledged before his attorney. It was also asserted by him that at the time of the execution of the lease his brother undertook and agreed not to record it, or to ever use it against the complainant.
The only evidence offered to support these charges was advanced by the complainant himself. A consideration of his testimony does not satisfy me that much reliance can be placed upon it. He is a man who has had experience in real estate transactions, has made leases, and has been fairly successful in life. The defendant and his brother were entirely friendly during the latter's lifetime. He started the present proceedings when he was obliged to pay some of his brother's debts, upon which he had been surety. In examining complainant's evidence, the court has in mind an exhibit produced in the bankruptcy case of John J. Ulrich, a son of decedent. A copy of the petition of the complainant in that cause, asking leave to join the trustee in bankruptcy as a party defendant to his suit, is before me now. In that petition the complainant sets forth that the lease would run for a year or two at no rental whatsoever. For convenience, I set forth the pertinent part of the petition:
"Your petitioner further shows and alleges that your petitioner only consented to sign the document in question which, as previously stated, the said Louis C. Ulrich had informed petitioner would be a short term lease, and which your petitioner understood would be for a year or two at no rental whatsoever, upon the understanding that Louis C. Ulrich would not sign said lease and would never record the same in any recording office where such documents may be recorded * * *."
When confronted with this exhibit the complainant was unable to make a satisfactory explanation. His testimony in this court is that the lease was for ninety months. As *Page 77 
appears by this exhibit, he sets forth that the lease is to be for one or two years, while the written lease which he now seeks to cancel is for fifteen years. Aside from this there is considerable force in the suggestion that the complainant is in laches, and, therefore, the bill should be dismissed. His brother, the only material witness of the defendant, is dead. Records are lost and four years have expired since the transaction between the parties. Complainant has waited all this time before instituting this suit. I think that he clearly understood what he was doing when he executed the lease.
Complainant's bill should be dismissed.